UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL WHITFORD and MEGAN JAYNE WHITFORD,<br><br>    Plaintiffs,<br><br>  v.<br><br>MT. BAKER SKI AREA, INC., a corporation organized under the laws of the State of Washington,<br><br>    Defendant. | CASE NO. C11-00112RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY |

## I. INTRODUCTION

Plaintiffs Paul and Megan Jayne Whitford filed this action seeking damages for negligence, negligent infliction of emotional distress, and loss of consortium from defendant Mt. Baker Ski Area, Inc. for the negligent operation of Chair No. 1 and the lack of a proper safety net to prevent plaintiff Paul Whitford's fall and subsequent injury. (Dkt. # 1). This matter is now before the Court upon Plaintiffs' Motion for Summary Judgment on Liability. (Dkt. # 18). For the reasons set forth below, the Plaintiffs' motion is DENIED.

## II. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. Defendant Mt. Baker Ski Area, Inc. ("Defendant") is a Washington corporation that operates a ski area in Whatcom County, Washington. Plaintiffs Paul Whitford and Megan Jayne Whitford ("Plaintiffs") are citizens of Coquitlam, British Columbia, Canada. Defendant operates Chair No. 1 which is the subject of this case.

Chair No. 1 was a two-passenger "fixed grip" chair that had a pole in the center with seats on either side. (Dkt. # 18, 2).[1] The chairlift featured two loading areas where skiers could board the chair: one at the base of the mountain and a mid-station loading platform mid-way up the mountain. *Id.* The mid-station platform was an elevated platform that required skiers to side-step up a loading ramp to reach the loading area. *Id.* at 2-3. Because the mid-station platform was elevated, the platform had a railing on the right hand side and a net at the end of the platform. *Id.* at 3. The net was positioned directly in front of, and uphill from, the loading platform. *Id.* at 4-5. The net's purpose was to catch skiers who did not load properly and fell off the platform. *Id.* at 4.

On March 28, 2008, the Plaintiffs attempted to load Chair No. 1 at the mid-station platform. *Id.* at 3. Mrs. Whitford was loading into the left seat while Mr. Whitford attempted to load into the right seat. *Id.* As the chair approached, it hit Mr. Whitford in the back causing him to move forward and to the right. *Id.* Trying to stop himself, Mr. Whitford grabbed for the handrail but was unsuccessful. *Id.* The safety net did not catch him and Mr. Whitford fell off the right hand corner of the platform to the ground below. *Id.* As a result of his fall Mr. Whitford suffered injuries to his leg and back. *Id.* at 1.

---

[1] Chair No. 1 was replaced in the summer of 2008. (Dkt. # 18, 3:7-8).

Plaintiffs claim that Defendant breached the duty of care by not providing a safety net that was reasonably safe. (Dkt. # 1, 3). Plaintiffs claim that the standard of care required not only a safety net but also that the net be wide enough and strung closely enough to catch skiers who fall off the platform at an angle. (Dkt. # 18, 15). Plaintiffs now move for summary judgment. *Id.*

## III. ANALYSIS

### A. Standard of Review

Summary judgment is proper if the pleadings, discovery, affidavits, and disclosure materials on file show that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) & (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but only "determine[s] whether there is a genuine issue for trial." *Id.* at 249.

The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *FDIC v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). However, to survive summary judgment the nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

**B. Plaintiffs' Motion for Summary Judgment on Liability**

Plaintiffs ask the Court to enter summary judgment and find that Defendant committed negligence by not providing an appropriate safety net. (Dkt. # 18, 15:18-20). In order to prevail on a claim of negligence the Plaintiffs must prove (1) that Defendant owed a duty to the Plaintiffs, (2) that Defendant breached that duty, (3) that Plaintiffs were injured, and (4) that the injury was proximately caused by Defendant's breach. *Hertog, ex rel. S.A.H. v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (Wash. 1999). The existence of a duty is a question of law to be determined by the Court, while the existence of a breach and proximate cause are factual questions for a jury. *Id.* Only when reasonable minds cannot differ may factual questions be determined as a matter of law. *Id.*

Under Washington law, a "ski resort owes a duty to skiers, who are business invitees, to provide 'reasonably safe facilities.'" *Brown v. Stevens Pass, Inc.*, 97 Wn. App. 519, 524, 984 P.2d 448 (Wash. Ct. App. 1999) (quoting *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 502, 834 P.2d 6 (Wash. 1992)). Both parties agree Defendant has a duty of care. Therefore, the only issues for summary judgment are whether Defendant breached the duty and whether this breach proximately caused Plaintiffs' injuries.

In order to prevail on summary judgment, Plaintiffs must prove that Defendant breached the duty of care by showing that no reasonable jury could find other than that Defendant breached the duty of care. *Anderson*, 477 U.S. at 252. Whether a defendant breached the duty of care is generally a question of fact. *Hertog, ex rel. S.A.H.*, 138 Wn.2d at 275. "However, if reasonable minds could not differ, these factual questions may be determined as a matter of law." *Id.* In order to prove that Defendant breached the duty of care to provide reasonably safe facilities, the Plaintiffs must first establish the standard of care for a "reasonably safe facility" and then show that Defendant breached that standard of care.

Both parties in this case agree that WASH. REV. CODE § 79A.40.010 (1999)[2], WASH. ADMIN. CODE § 352-44-060 (1991)[3], and American National Standards Institute ("ANSI") B77.1-2006 set the standard of care for defining a "reasonably safe facility." (Dkt. # 18 & # 33). Critical to this case, ANSI B77.1-2006 § 4.1.1.9 states that safety "nets . . . shall be provided to reduce the risk of injury to the passengers . . . when required." Plaintiffs assert that no reasonable jury could find other than that Defendant breached the duty of care. *Id.* at 12.

Defendant may survive summary judgment by setting "forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Defendant offers evidence that the safety net passed its yearly inspection by the Washington State Parks and Recreation Commission the year of Mr. Whitford's injury and was held to be in compliance with ANSI B77.1-2006. (Dkt. # 33, 16). Additionally, Defendant's expert witness, Mr. Jon Mauch, testified that the safety net met the standard of care and complied with ANSI B77.1-2006. (Dkt. # 37, ¶ 10). Defendant also asserts that the net was reasonably safe and satisfied the duty of care because the net had served its purpose and caught many skiers who previously fell off the platform. (Dkt. # 38, ¶ 12). In fact, Mr. Angelo Zopolos claims that Mr. Whitford was the first person to have been injured falling off of the Chair No. 1 mid-station platform. *Id.* at ¶ 11. Viewing the evidence

---

[2] WASH. REV. CODE § 79A.40.010 requires that "every owner or operator of [a] . . . conveyance . . . such as . . . chair lifts . . . shall . . . provide safe and adequate facilities and equipment with which safely and properly to receive and transport all persons . . . and to promote the safety of . . . patrons, employees and the public. The owner or operator of the devices and equipment covered by this section shall be deemed not to be a common carrier."

[3] WASH. ADMIN. CODE § 352-44-060 sets the standards for chairlifts by requiring that "[t]he current *American National Standards Safety Requirements for Aerial Passenger Tramways* shall apply to the design, inspection, signing, and operation of all conveyances as interpreted by the director unless a request for waiver is submitted by the operator and a waiver is granted by the director."

in favor of Defendant, there is clearly a genuine issue of material fact regarding a breach of the duty of care that precludes the entry of summary judgment.

However, the heart of the Plaintiffs' argument is that no reasonable jury could find other than that Defendant breached the duty of care because Defendant did not adhere to certain provisions of the Washington Industrial Safety and Health Act ("WISHA") and regulations by the Department of Labor Occupation Safety and Health Administration ("OSHA") which, in addition to ANSI B77.1-2006, establish the standard of care. (Dkt. # 18, 11-12). Mr. Penniman testified in his declaration that WISHA provisions WASH. ADMIN. CODE §§ 296-59-050 and 296-155-24510 along with OSHA regulation 29 C.F.R. § 1926.502 set the standard for the size, location, and placement of safety nets. (Dkt. # 21, 5). Specifically, Mr. Penniman testified that in order to meet the standard of care established by WISHA and OSHA the net needed to extend a minimum radius of eight feet out from each corner of the platform, and that the net needed to be installed as close as practicable to the platform surface, *id.* at ¶¶19-24 and ¶¶ 26-27. Plaintiffs use these standards and the nets configuration to show that no reasonable mind could differ as to whether Defendant was negligent. (Dkt. # 18).

However, Defendant objects to the introduction of the WISHA and OSHA provisions because they were not previously disclosed in Mr. Penniman's original report, supplemental report, or in his deposition. (Dkt. # 33, 7-8). Therefore, Defendant moves to strike the portions of Mr. Penniman's declaration which refer to these provisions because Plaintiffs violated the disclosure requirements of FED. R. CIV. PRO. 26. (Dkt. # 33, 10). The Court agrees.

Under FED. R. CIV. PRO. 56(c)(2) a party responding to a motion for summary judgment may object that supporting evidence should not be considered because it would not be admissible. In this case, Defendant claims that the provisions are not admissible and moves to

strike the relevant portions of Mr. Penniman's declaration under Rule 37(c)(1) because Plaintiffs failed to supplement as required by Rule 26(e). (Dkt. # 33, 10:12-15). FED. R. CIV. PRO. 37(c)(1) prohibits a party from using information or witness testimony in support of a motion when the party fails to provide information as required by Rule 26(a) or (e).

FED. R. CIV. PRO. 26(e)(1) requires that any party making a disclosure under Rule 26(a), which includes expert testimony, must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete . . . and if the additional . . . information has not otherwise been made known to the other parties during the discovery process or in writing." Furthermore, a "party's duty to supplement extends both to information included in the [expert's] report and to information given during the expert's deposition." FED. R. CIV. PRO. 26(e)(2).

Plaintiffs claim that they did not need to supplement Mr. Penniman's initial report or deposition because the WISHA and OSHA regulations are merely additional support that reinforces Mr. Penniman's original opinions. (Dkt. # 45, 3-4). Plaintiffs also claim that they did not need to supplement because Defendant failed to ask Mr. Penniman whether any other safety standards supported his views. (Dkt. # 45, 3). Finally, Plaintiffs argue that Defendant should have known about the WISHA and OSHA regulations because they are public documents and available to Defendant. (Dkt. # 45, 4:3-4). However, Plaintiffs failed to address the requirements of Rule 26(a)(2)(B) which requires that a party's expert disclosure must "be accompanied by a written report" that "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." FED. R. CIV. PRO. 26(a)(2)(B)(i)-(iii).

1   FED. R. CIV. PRO. 26(a)(2)(B) requires that Mr. Penniman must disclose the "basis and

2   reasons" for his opinions and any "facts or data considered" when forming these opinions. Mr.

3   Penniman's reliance on the WISHA and OSHA regulations, as used in his declaration supporting

4   Plaintiffs' motion for summary judgment, provides a basis for his opinion regarding the standard

5   of care. *See* (Dkt. # 18, ¶¶ 18-21). Furthermore, Plaintiffs have provided no evidence that they

6   have supplemented their original disclosures pursuant to FED. R. CIV. PRO. 26(e). Therefore, Mr.

7   Penniman's references to the WISHA and OSHA regulations must be stricken pursuant to FED.

8   R. CIV. PRO. 37(c)(1) unless their inclusion is harmless.

9   In this case, the Plaintiffs' introduction of the WISHA and OSHA standards is not

10  harmless. A primary purpose of the disclosure requirement is to "provid[e] a mechanism for

11  making relevant information available to the litigants" and to provide the parties with basic

12  information so that they can "prepare for trial or make an informed decision about settlement."

13  FED. R. CIV. PRO. 26, Notes of 1983 & 1993 Amendments. By not properly supplementing either

14  Mr. Penniman's report or his deposition and introducing the regulations at the last minute in its

15  motion for summary judgment, the Plaintiffs prevented Defendant from obtaining information

16  that may have been necessary to "prepare for trial [and] make informed decision[s] about

17  settlement." *Id.* at Notes of 1993 Amendments.

18  Plaintiffs contend that the introduction of the WISHA and OSHA regulations was

19  harmless because they are both public and available to Defendant. (Dkt. # 45, 4:3-8). This is

20  incorrect. Even though a document may be public does not mean that a party will use it at trial.

21  Under Rule 26(a)(2) a party is required to disclose the "basis and reasons" along with the "facts

22  or data" used to support or make any expert testimony. FED. R. CIV. PRO. 26(a)(2)(B)(i)-(ii). As

23  stated previously, it is clear that Mr. Penniman relied on the WISHA and OSHA standards in

24

making at least a portion of his opinion. Therefore, Plaintiffs were required to disclose the use of these regulations to Defendant. Because the Plaintiffs failed to supplement their expert disclosures the Court GRANTS Defendant's motion to strike references to WISHA provisions WASH. ADMIN. CODE § 296-59-050 and § 296-155-24510 and OSHA regulation 29 C.F.R. § 1926.502.[4]

Therefore, because the Court considered only the standards set forth in REV. CODE § 79A.40.010 (1999), WASH. ADMIN. CODE § 352-44-060 (1991), and ANSI B77.1-2006 and Defendant raised genuine issues of material fact, Plaintiffs' motion for summary judgment is DENIED[5].

## IV. CONCLUSION

Having read the Plaintiffs' motion, the response and reply thereto, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Summary Judgment on Liability, (Dkt. # 18), is DENIED.

(2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

//

//

---

[4] The Court notes that this ruling is limited only to the use of the WISHA and OSHA regulations for the purposes of supporting Plaintiffs' motion for summary judgment. Any motion to strike the introduction of the WISHA and OSHA regulations for use at trial should be brought as a motion in limine pursuant to Local Rule CR 7(d)(4).

[5] Given that the Court finds there is a material issue of fact regarding Defendant's breach of the duty of care, the Court declines to rule on any issues of proximate causation or injury.

Dated this 15th day of March 2012.

　　　　　　　　　　　　　　　　　　 RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE