UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL WHITFORD and MEGAN JAYNE WHITFORD,<br><br>Plaintiffs,<br><br>v.<br><br>MT. BAKER SKI AREA, INC., a corporation organized under the laws of the State of Washington,<br><br>Defendant. | CASE NO. C11-00112RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING REASONABLENESS AND NECESSITY OF MEDICAL TREATMENT AND EXPENSES |

## I. INTRODUCTION

Plaintiffs Paul and Megan Jayne Whitford filed this action seeking damages for negligence, negligent infliction of emotional distress, and loss of consortium from defendant Mt. Baker Ski Area, Inc. for the negligent operation of Chair No. 1 and the lack of a proper safety net to prevent plaintiff Paul Whitford's fall and subsequent injury. Dkt. # 1. This matter is now before the Court upon Plaintiffs' Motion for Partial Summary Judgment Regarding

Reasonableness and Necessity of Medical Treatment and Expenses. Dkt. # 22. For the reasons set forth below, the Plaintiffs' motion is DENIED.

## II. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. Defendant Mt. Baker Ski Area, Inc. ("Defendant") is a Washington corporation that operates a ski area in Whatcom County, Washington. Plaintiffs Paul Whitford and Megan Jayne Whitford ("Plaintiffs") are citizens of Coquitlam, British Columbia, Canada. Defendant operates Chair No. 1 which is the subject of this case.

Plaintiff Paul Whitford was injured when he fell from the mid-station platform of Chair No. 1 while trying to load onto the chair. (Dkt. # 1). As a result of the fall Mr. Whitford sustained injuries to his left and back. (Dkt. # 22, 2:2-8). Plaintiffs submitted requests for admission to Defendant asking that Defendant admit that certain medical expenses related to treatment received by Mr. Whitford were reasonable and necessary. *Id.* at 2:17-19; (Dkt. # 23-1). Defendant admitted that the expenses for Sunwood Medical Center, Royal Columbian Hospital, and Trailside Physiotherapy were all reasonable and necessary. (Dkt. # 23-1, 4-5). But, Defendant denied that the expenses for massage by Momentum Therapeutics of $1,653.32 were reasonable and necessary. *Id.* at 6:11-12. Plaintiffs did not include the expenses for chiropractic services by Momentum Therapeutics of $3,660.00 in their requests for admission; therefore, Defendant neither admitted nor denied their reasonableness or necessity. *Id.*

Plaintiffs now move for partial summary judgment asking the Court to declare that all of Mr. Whitford's related medical expenses were reasonable and necessary to treat his injuries, including the chiropractic expenses. (Dkt. # 22). Plaintiffs also ask the Court to grant them attorneys' fees for the preparation of their motion. *Id.*

Defendant responds that Plaintiffs failed to provide appropriate responses to Defendant's discovery requests; therefore, Defendant asks the Court to exclude portions of Plaintiffs' evidence and to deny Plaintiffs' motion for partial summary judgment. (Dkt. # 27, 11). Defendant also seeks an award of attorneys' fees incurred as a result of responding to Plaintiffs' motion. *Id.*

### III. ANALYSIS

**A. Standard of Review**

Summary judgment is proper if the pleadings, discovery, affidavits, and disclosure materials on file show that "there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) & (c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party" and a fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but only "determine[s] whether there is a genuine issue for trial." *Id.* at 249.

The Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *FDIC v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds*, 512 U.S. 79 (1994). However, to survive summary judgment the nonmoving party must "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

**B. Plaintiffs' Motion for Partial Summary Judgment Regarding Medical Expenses**

Plaintiffs ask the Court to find summary judgment declaring that the entirety of the medical expenses incurred to treat Mr. Whitford's injuries are reasonable and necessary. (Dkt. # 22, 3:1-4). "A plaintiff in a negligence case may recover only the reasonable value of medical services received, not the total value of all bills paid." *Patterson v. Horton*, 84 Wn. App. 531, 543, 929 P.2d 1124 (Wash. Ct. App. 1997). The plaintiff bears the burden of proving that the medical costs were reasonable and necessary and "cannot rely solely on the medical records and bills" to do so. *Id.* "Medical records and bills are relevant to prove past medical expenses only if supported by additional evidence that the treatment and bills were both necessary and reasonable." *Id.* "Proof of [medical expenses] need not be unreasonably exacting and may come from any witness who evidences sufficient knowledge and experience respecting the type of service rendered and the reasonable value thereof." *Kennedy v. Monroe*, 15 Wn. App. 39, 49, 547 P.2d 899 (Wash. Ct. App. 1976).

Plaintiff has brought forth evidence that the massage and chiropractic expenses were reasonable and necessary via the declaration of Dr. Leah Stadelmann. (Dkt. # 23-2). However, evidence that the expenses were reasonable and necessary does not shift the burden to Defendant to prove that they were not. Rather, Plaintiff must show that no reasonable jury could find that the amount of damages were unreasonable or unnecessary. *Anderson*, 477 U.S. at 252. This, Plaintiff has failed to do.

Damages are a factual question. While it appears that certain medical expenses were admitted by Defendant as reasonable and necessary, Defendant challenges Dr. Stadelmann's credibility and opinion, asserting that the massage therapy was neither prescribed nor medically necessary. (Dkt. # 23-1, 6:11-12). Trial courts should act with caution in granting summary judgment. *Anderson*, 477 U.S. at 255. Here, Defendant raises a genuine issue of material fact by

disputing the necessity of both the massage and chiropractic treatments. Summary judgment is DENIED. Likewise, Plaintiffs' motion for attorneys' fees is also DENIED.

**C. Defendant's Request to Exclude**

In light of the Court's denial of Plaintiffs' motion for summary judgment, Defendant's request to exclude evidence is MOOT. Defendant's request for attorneys' fees is accordingly DENIED.

## IV. CONCLUSION

Having read the motion, response, and reply thereto, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Partial Summary Judgment regarding medical treatment and expenses, (Dkt. # 22), is DENIED.

(2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated this 15th day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE