UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL WHITFORD and MEGAN JAYNE WHITFORD,<br><br>Plaintiffs,<br><br>v.<br><br>MT. BAKER SKI AREA, INC., a corporation organized under the laws of the State of Washington,<br><br>Defendant. | CASE NO. C11-00112RSM<br><br>ORDER STRIKING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Plaintiffs Paul and Megan Jayne Whitford filed this action seeking damages for negligence, negligent infliction of emotional distress, and loss of consortium from defendant Mt. Baker Ski Area, Inc. for the negligent operation of Chair No. 1 and the lack of a proper safety net to prevent plaintiff Paul Whitford's fall and subsequent injury. (Dkt. # 1). This matter is now before the Court upon Defendant's Motion to Exclude Testimony of Plaintiffs' Expert Richard

Penniman and for Summary Judgment. (Dkt. # 14). For the reasons set forth below, Defendant's motion is STRICKEN for failure to comply with the local rules.

## II. ANALYSIS

**A. Motion to Exclude Plaintiffs' Expert Richard Penniman**

Defendant seeks to exclude the written report and proposed testimony of Plaintiffs' expert, Richard Penniman, as inadmissible and an inappropriate expert opinion. Defendant contends that Mr. Penniman is not qualified to testify in this matter and has no relevant experience in regards to chairlift operations, maintenance, inspection, or construction. In addition, Defendant argues that Mr. Penniman should be excluded because his deposition testimony consisted of inadmissible legal conclusions regarding the standard of care of a ski area that were contrary to Washington law.

The trial court must act as a "gatekeeper" to ensure that proffered expert testimony is both relevant and reliable. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). This gate keeping function serves "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. Here, Mr. Penniman appears to satisfy the requirements for admissibility as an expert witness. Additionally, even if Mr. Penniman's testimony were excluded, a genuine issue of material fact likely remains regarding whether Defendant breached the duty of care to provide "reasonably safe facilities." *Scott v. Pac. W. Mountain Resort*, 119 Wn.2d 484, 502, 834 P.2d 6 (Wash. 1992).

However, Defendant's motion to exclude Mr. Penniman's testimony is a motion in limine. *See United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) ("A motion in limine is

a procedural mechanism to limit in advance testimony or evidence in a particular area."). The local rules of this Court provide that, "[e]xcept upon a showing of good cause, any motions in limine shall be filed as one motion." Local Rule CR 7(d)(4). Further, "[a]ny motion in limine must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve which matters really are in dispute. A good faith effort to confer requires a face-to-face meeting or a telephonic conference." *Id.*

Defendant has failed to include a certification that it has met face-to-face with the Plaintiff or engaged in a telephonic conference with the Plaintiff on this issue. Therefore, Defendant has failed to comply with the meet and confer requirement of Local Rule CR 7(d)(4). The Court declines to rule on the motion in limine because it does not comply with the local rules. The Court hereby STRIKES Defendant's Motion to Exclude Testimony of Mr. Penniman and for Summary Judgment for failure to comply with the local rules.

The Court will not address the relevance and reliability of an expert opinion in a single, omnibus motion in limine where other motions in limine must also be briefed. Further, there is good reason to address the admissibility of expert testimony well in advance of trial so that the parties may adjust their trial strategy accordingly. Therefore, should Defendant renew its motion after meeting and conferring with the Plaintiffs, the Court grants Defendant leave to file the motion as an independent motion and will consider the motion separately from any other motions in limine.[1]

---

[1] Should Defendant choose to re-file its motion in exactly the same form, after meeting and conferring with opposing council, it may note the renewed motion for the same day that it is filed and the Court will consider the previously filed response and reply in considering the motion.

# III. CONCLUSION

Having read Defendant's motion, the response and reply thereto, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Exclude the Testimony of Richard Penniman and for Summary Judgment (Dkt. # 14) is STRICKEN.

(2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated this 15th day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE