UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL WHITFORD and MEGAN JAYNE WHITFORD,<br><br>Plaintiffs,<br><br>v.<br><br>MT. BAKER SKI AREA, INC., a corporation organized under the laws of the State of Washington,<br><br>Defendant. | CASE NO. C11-00112RSM<br><br>ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

This matter comes before the Court on Defendant's Motion to Exclude Testimony of Plaintiffs' Expert Richard Penniman and for Summary Judgment (Dkt. No. 59). For the reasons set forth below, the motion is DENIED.

## II. BACKGROUND

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes them here only in brief. Defendant Mt. Baker Ski Area, Inc. operates Chair

No. 1, a chair lift used by skiers, which is the subject of this case. Plaintiff Paul Whitford was injured when he fell from the mid-station platform of Chair No. 1 while trying to load onto the chair. (Dkt. # 1). As a result of the fall, Mr. Whitford sustained injuries to his left knee and back. (Dkt. # 22, 2:2-8). Plaintiffs claim that Mr. Whitford's injuries were caused by Defenant's breach of its duty of care and have retained Richard Penniman to provide expert testimony regarding the appropriate standard of care relating to the design and operation of ski area chair lifts in Washington state.

Defendant moves to exclude Mr. Penniman , arguing (1) that he is unqualified to testify as an expert about the design and operation of chairlifts in Washington state; and (2) that his opinions are contrary to Washington law. Defendants also move for summary judgment on the basis that Plaintiffs have no evidence as to the appropriate standard of care without Mr. Penniman's testimony. Plaintiffs counter that Mr. Penniman is qualified to offer expert opinions and that his testimony is not contrary to Washington law.

## III. ANALYSIS

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

The trial court must act as a "gatekeeper" to ensure that proffered expert testimony is both relevant and reliable. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Relevance means that the evidence will assist the trier of fact to understand or determine a fact at issue. *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007); *see* Fed. R. Evid. 702. Reliability is

judged based on a flexible inquiry. *Kumho*, 526 U.S. at 150 (citing *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 594 (1993)). Where expert testimony is based on "technical" or "other specialized knowledge" rather than science, the Court must ensure that it "rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert*, 509 U.S. at 597). The gatekeeping function serves to "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho*, 526 U.S. at 152. However, "in considering the admissibility of testimony based on some 'other specialized knowledge,' Rule 702 generally is construed liberally." *U.S. v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000). *See also* Fed. R. Evid. 702, advisory committee cmt. (2000 amd.) ("[R]ejection of expert testimony is the exception rather than the rule.").

Mr. Penniman's opinions address two areas: (1) the lift attendant's duties in assisting the Whitfords with the loading process and (2) the catch net at the exposed edge of the elevated platform. Mr. Penniman is qualified to give expert testimony in these areas. Mr. Penniman has worked and taught in the ski industry for over forty years. *See* Curriculum Vitae of Dick Penniman ("Penniman CV"), Dkt. No. 62, Ex. E. He has attended seminars related to lift maintenance and ski area management. Penniman CV at 1; Deposition of Richard Penniman ("Penniman Dep."), Dkt. No. 62, Ex. C, 61, 61-62. He was a ski patroller at Alpine Meadows, Sugar Bowl, and in Chile, where he also filled in for lift operators in running the lifts. Penniman CV at 3; Penniman Dep. at 64-65. He spent one summer at Sugar Bowl specifically engaged in lift maintenance. Penniman Dep. at 62. He testifies that "as patroller my duty has always been to make sure the nets are in place and that they look like they're going to work." Penniman Dep.

at 120:11-13.  He was the "mountain manager/assistant operations manager" at a ski area in Chile, during which time he also worked in lift maintenance.  Penniman CV at 3; Penniman Dep. at 62.  He taught a course at Sierra Nevada College on ski area mountain operations and safety and part of his lecture was on chair lift maintenance and operations.  Penniman Dep. at 67-68. When he worked at White Pine, his job duties included meeting with Forest Service personnel and answering questions as they inspected the chair lifts.  *Id.* at 70-71.  He is currently working at White Wolf Ski Resort assisting with chair lift construction.  *Id.* at 73-74.

This evidence clearly demonstrates that Mr. Penniman's testimony "rests on a reliable foundation and is relevant to the task at hand." *United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) (quoting *Daubert*, 509 U.S. at 597).  To the extent that Mr. Penniman's experience and training is not specific to the type of chair lift involved in this case, or the actual stringing up of nets, or the inspection of nets and chair lifts, these objections go to the weight of Mr. Penniman's testimony, not to his qualifications to testify.

Finally, Defendant objects to Mr. Penniman's testimony as contrary to Washington law. Most significantly, Defendant notes that a ski lift operator is not a common carrier under Washington law but that in Mr. Penniman's deposition, Mr. Penniman indicated that he thought they should be.  The colloquy proceeded as follows:

> *Q: What about chair lifts in Washington? Do you know whether or not they're considered common carriers?*
> A: I don't believe they are.  But I'm not sure.
> . . .
> *Q: And does the nature of the common carrier duty as it applies to lifts in California have anything to do with your opinions in this case?*
> A: Other than the fact that my opinion is that all chair lifts are common carriers regardless of what the law says, no.
> *Q: So it's your opinion that chair lifts are common carriers regardless?*
> A: I believe they should be treated as common carriers, operated as common carriers.  I think that's a wise distinction to make.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT - 4

> *Q: Would that be consistent with testimony that you have given in the past that riding a chair lift is like riding a bus?*
> *A: Yes.*
> *Q: And it's your opinion that the same standards should apply; is that right?*
> *A: I think so. That's the way I feel about it. That's the way I would run a lift. I would run it as though it were a common carrier regardless of whether I had the legal obligation to or not.*

Penniman Dep. at 82:5 – 83:13.

This testimony indicates that Mr. Penniman's opinion is that, even though the law does not require it, he would operate a chair lift as though it were a common carrier. Washington law does not *preclude* chair lift operators from operating chair lifts as though they were common carriers; it simply does not require it. RCW 79A.40.010. Mr. Penniman's opinion is not contrary to Washington law. In any case, this particular opinion is not contained in Mr. Penniman's expert report. In addition, it is not Mr. Penniman's job to instruct the jury as to the applicable law. *See Aguilar v. Int'l Longshoremen's Union,* 966 F.2d 443, 447 (9th Cir. 1992). Both parties will have the opportunity to propose appropriate jury instructions to be given to the jury at the conclusion of the trial.

Defendant also objects to legal conclusions offered by Mr. Penniman in his deposition that chair lift operators who are operating a center pole lift have a duty to instruct skiers loading the lift:

> *Q: So it's your opinion that the lift operator should have given Mrs. Whitford instructions whether or not that had anything to do with this accident?*
> *A: Yes. Absolutely.*
> *Q: And it's your belief that the lift operator or your opinion that the lift operator has a duty to provide instructions to passengers loading on the chair lift?*
> *A: Yes. I do. In this case. In center pole I think they have a duty to instruct every single time.*

Penniman Dep. 115:17 – 116:1. Washington law provides that "No liability shall attach to any operator or attendant for failure to instruct the person on the use of the [chair lift] device." RCW

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT - 5

79A.45.030(5).  Therefore, Mr. Penniman's testimony could be interpreted as misstating Washington law.

Mr. Penniman's opinion about chair lift operators' duty to instruct passengers does not render him unqualified to offer expert testimony.  First, this particular opinion is not contained in Mr. Penniman's expert report; it was elicited by counsel during Mr. Penniman's deposition.  Should Plaintiffs attempt to introduce testimony by Mr. Penniman that a lift operator has a legal duty to instruct passengers loading chair lifts during trial, Defendant may object to the testimony at that time and the Court will make any necessary rulings.  Second, it is the Court's duty to instruct the jury as to the applicable law.  *See Aguilar,* 966 F.2d at 447.  As a result, Mr. Penniman is not required to be an expert in the law; he is only required to be an expert in the subject matter of his testimony.  Therefore, to the extent that Mr. Penniman's statement that an operator has a "duty" to instruct was meant by him to refer to the individual operator's *legal* duty for purposes of a negligence action, this misstatement of the law does not disqualify him as an expert testifying as to standard of care in the industry regarding chair lift operations or safety nets.[1]

Finally, Mr. Penniman is not disqualified as an expert because he disagrees with the state inspector as to whether the safety net affixed to Chair No. 1 complied with the relevant regulation governing chair lift safety nets.  *See* ANSI 4.1.1.9.  Mr. Penniman testified at his deposition that "the inspector was correct in the compliance with the letter but not the spirit of the ANSI code in this particular case."  Penniman Dep. at 119:9-11.  Here, compliance with the relevant regulations is relevant, but not dispositive.  *Cf.* RCW 5.40.050 (stating that, except in

---

[1] The Court also notes that the liability of individual chair lift operators is not at issue in this case.

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT - 6

1 enumerated cases, "[a] breach of a duty imposed by statute, ordinance, or administrative rule
2 shall not be considered negligence per se, but may be considered by the trier of fact as evidence
3 of negligence."). Therefore, whether Defendant complied with the letter, but not the spirit, of the
4 regulation is arguably relevant to the weight given by the jurors to any evidence that the net was
5 deemed to have complied with safety regulations. Moreover, Mr. Penniman does not offer the
6 legal conclusion that Defendant was required under the regulation to comply with the "spirit" of
7 the law; his opinion is simply that they did not. Mr. Penniman's opinion does not disqualify him
8 as an expert witness.

9 Mr. Penniman possesses the minimum training, skills, knowledge and experience
10 regarding ski area operations to testify about chair lift operations and safety nets in this matter.
11 *See* Fed. R. Evid. 702. His specialized knowledge about ski area operations will be helpful to the
12 jury in understanding the evidence; it is based on sufficient data – forty years of experience as a
13 lift attendant, ski patroller, mountain manager, trainer and professor; and it is the product of
14 reliable principles and methods applied to the facts of this case – in this case, comparing his
15 observations regarding the standard of care in the industry garnered from years of experience to
16 the facts of this case. *Id.* Since Mr. Penniman's expert testimony will not be excluded,
17 Defendant's motion for summary judgment is moot.

## IV. CONCLUSION

Having reviewed Defendant's motion, the response and reply, all attached declarations and exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant's Motion to Exclude Testimony of Plaintiffs' Expert Richard Penniman and for Summary Judgment is DENIED.

1    (2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of

2    record.

4    Dated this 23rd day of March 2012.

                                    RICARDO S. MARTINEZ
                                    UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT RICHARD PENNIMAN AND FOR SUMMARY JUDGMENT - 8