UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL WHITFORD and MEGAN JAYNE WHITFORD,<br><br>Plaintiffs,<br><br>v.<br><br>MT. BAKER SKI AREA, INC., a corporation organized under the laws of the State of Washington,<br><br>Defendant. | CASE NO. 11-0112-RSM<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF |

THIS MATTER comes before the Court upon Plaintiffs' Motion for Relief (Dkt. # 73). For the reasons set forth below, the Plaintiffs' motion is DENIED.

**I. BACKGROUND**

The parties are familiar with the claims and allegations underlying this case, and the Court summarizes only the facts relevant to this motion. Plaintiffs issued a Fed. R. Civ. P. 30(b)(6) deposition notice informing Defendant that Plaintiffs intended to inquire about any "[i]njuries suffered by guests loading or unloading chairlifts at Mt. Baker." Dkt. # 73.

Defendant's identified Mr. Ducan Howat and Mr. Angelo Zopolos to testify through a deposition in response to this request. During their depositions, both Mr. Howat and Mr. Zopolos testified that they could not recall any injuries occurring at the Chair No. 1 mid-station platform due to misloading onto the chairlift. Additionally, Defendant's pleadings and supporting declarations all state that there is either no record or recollection of any injuries at the Chair No. 1 mid-station platform caused by misloading onto the chairlift.

Plaintiffs recently discovered information that an injury caused by misloading onto the chairlift may have occurred at the Chair No. 1 mid-station platform. Plaintiffs' attorney learned of the incident during a telephone conversation with Mr. David Bowen Anderson. Dkt. # 73. Mr. Anderson, an attorney licensed to practice in Washington state, informed Plaintiffs' counsel that he represented a client approximately thirty (30) years ago who was injured while attempting to load onto Chair No. 1 at the mid-station platform. Dkt. # 75. Mr. Anderson states that his client "fell into the catch net and broke her pelvis, hip, or leg" but that the case was settled out of court. *Id.* No further information has been presented to the Court.

Plaintiffs now seek relief claiming that the discrepancy between Defendant's representations and Mr. Anderson's declaration raise questions as to the accuracy of Defendant's record keeping or the truthfulness of the testimony of Defendant's witnesses. Dkt. # 73. Plaintiffs ask the Court (1) to strike Defendant's affirmative liability defenses; (2) to prohibit testimony from Defendant's liability witnesses; (3) to exclude evidence or argument regarding the lack of prior incidents; (4) to exclude evidence or argument that Mr. Whitford's fall was a "freak" or highly unlikely accident; and/or (5) to inform the jury that Defendant failed to disclose the prior injury at the Chair No. 1 mid-station. Dkt. # 73, 6.

## II. ANALYSIS

### A. Standard of Review

District courts have inherent authority to grant relief where there has been improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). Specifically, courts have authority to impose sanctions when a court finds that a party acts either in bad faith or with intent to mislead the court. *See id.* at 992-93. This authority extends to a court's power to impose sanctions or grant relief for discovery abuses that may not be a technical violation of the discovery rules. *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1980).

### B. Plaintiffs' Motion for Relief

Plaintiffs ask the Court to grant relief and find that Defendant inaccurately represented the number of injuries that have occurred at the Chair No. 1 mid-station. Dkt. # 73. In order to grant Plaintiffs relief, the Court must find that Defendant acted either in bad faith or with intent to mislead.

Plaintiffs base their claim solely upon the recollection of Mr. Anderson. Plaintiffs use Mr. Anderson's declaration regarding an event that took place over thirty (30) years ago to contend that the testimony of Mr. Howat, Mr. Zopolos, Ms. Gwyn Howat, and the Defendant's business records are all either false or misleading. While Mr. Anderson's recollection may be true, Plaintiffs have not provided sufficient evidence to carry their burden of showing that Defendant acted either in bad faith or with intent to mislead. It is possible that Defendant's witnesses cannot recall the accident in question and it is equally possible that no records were retained for an injury that took place approximately thirty years ago. Plaintiffs' motion for relief is DENIED. However, if Defendant presents testimony during trial regarding the lack of prior incidents at the

Chair No. 1 mid-station. Plaintiffs may call Mr. Anderson to testify as to his knowledge regarding his former client.

### III. CONCLUSION

Having read the Plaintiffs' motion, all declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiffs' Motion for Relief, (Dkt. # 73), is DENIED.

(2) The Clerk of the Court is directed to forward a copy of this Order to all counsel of record.

Dated April 12, 2012.

                                          RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE